JAMES W. ELWELL ET AL. *vs.* CHARLES T. RUSSELL.

First Judicial District, Hartford, January Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The weight to be given to conflicting evidence and the conclusions of fact to be drawn therefrom, are matters for the consideration and final determination of the trial court.

Fraud cannot be imputed to one who makes representations as to the title to real estate in an honest reliance upon the certificate of the town clerk and the advice of counsel.

Subsequent conduct of a party is often relevant and admissible to show the character of his prior acts or intentions.

Argued January 3d—decided March 9th, 1899.

ACTION to recover damages for fraud respecting the title to certain real estate upon the security of which the defendant obtained a loan of $5,000, brought to the Superior Court in Middlesex County and tried to the court, *George W.*

*Wheeler, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs for alleged errors in the rulings and findings of the court. *No error.*

The parts of the complaint which set out the fraud are as follows: "2. For the purpose of inducing the plaintiffs to accede to such request and to lend the defendant said sum of five thousand ($5,000) dollars, the defendant at the same time pretended and represented to the plaintiffs that the real estate, which is described in said mortgage, was then the property of the defendant's daughter, Matilda A. Russell, the maker of said mortgage and of said mortgage note, and that the same stood in her name, of record, and belonged to her absolutely in fee simple, subject only to said mortgage, and was free and clear from all incumbrances whatsoever, except said mortgage; and the defendant, in pretended corroboration of that statement, produced to the plaintiffs a certificate in writing of John H. Russell, town clerk of said town of Haddam, wherein said real estate is situated, the custodian of the land records of said town of Haddam, and the father of the defendant, to the effect that the real estate described in said mortgage was then clear of all incumbrances except said mortgage. 3. The defendant made said statements and representations as of his own knowledge, and presented said certificate as true, not believing said statements, representations, or certificate to be true, but having reason to believe them to be false, and believing and knowing them to be false, and with intent thereby to induce the plaintiffs to lend and advance to the defendant the said sum of five thousand ($5,000) dollars, and with intent to defraud them thereof."

The defendant denied all those parts of the complaint which charged the fraud.

There was a trial, the court found the issue for the defendant and rendered judgment for him to recover his costs. The plaintiffs have appealed to this court. There is a finding of facts which it is not necessary to set out.

Upon the trial the plaintiffs claimed: (1) that the representations as alleged were proved; (2) that they were false and Matilda A. Russell had no title to the premises at the

date of the representations; (3) that the defendant knew of the falsity of the representations; (4) that the representations were relied on and the loan made in reliance thereon; (5) that the defendant was not relieved of liability by having followed the advice of counsel or by having obtained the certificate of title from the town clerk; (6) that a case of actual fraud had been proved; (7) that upon the facts proved and the doctrine of *Hadcock* v. *Osmer*, 153 N. Y. 604, and of *Chatham Furnace Co.* v. *Moffatt*, 147 Mass. 403, the defendant was liable in this action.

The trial court found in accordance with claims 1 and 2 and against claims 3 and 6, and overruled claim 7. As to claim 2 the court found that the representation as to the title was false in respect to the taxes due upon said premises; and as to the title not being in Matilda A. Russell, the court did not find it necessary to pass upon this question, having assumed this to be true, and upon that assumption having concluded that the defendant was not liable. As to claim 5 the court regarded these facts as elements in the proof of the defendant's non-liability herein, and except as so stated did not rule upon said claim.

There are five reasons of appeal, *viz.:* 1. That the court erred in overruling each one of the foregoing claims and requests numbered 2 to 7 inclusive. 2. That the court erred in finding and in refusing to find certain allegations of fact duly excepted to by the plaintiffs. 3. That the court erred in finding that the plaintiff Winslow, at the time when the loan of $5,000 was made, did not believe that a final judgment had been obtained as described in the assignment, as set forth in the second exception, filed by the plaintiffs herein. 4. That the court erred in admitting evidence of the defendant's acts, words and conduct after the giving of the mortgage in question to the plaintiffs, as set forth in paragraph 22 of the finding filed by the trial judge.

*Willard Eddy* and *Harry M. Burke*, for the appellants (plaintiffs).

*Prentice W. Chase* and *John Elliott*, for the appellee (defendant).

ANDREWS, C. J. There is no error assigned in either the first, or second reasons of appeal, of which this court can take cognizance, except as to claim number seven referred to in the first reason. So far as any material fact is concerned, each one of the specifications mentioned in those reasons involves a consideration of the weight to be given to certain evidence heard by the trial court. This court cannot enter into any such question. *Neilson* v. *Hartford Street Ry. Co.*, 67 Conn. 466; *Atwater* v. *Morning News Co.*, ibid. 504; *Thresher* v. *Dyer*, 69 id. 404; *Ryan* v. *Chelsea Paper Mfg. Co.*, ibid. 454.

Claim number seven was that " upon the facts as found and the doctrine of the 153 N. Y. 604, and the 147 Mass. 403, the defendant was liable in this action." The legal doctrine there involved has been sustained by this court in *Scholfield Gear & Pulley Co.* v. *Scholfield*, 71 Conn. 1, 19; but the claim founded upon it by the appellant, was properly overruled. No fraud can be imputed by law to one who makes representations as to the title to real estate in honest reliance on the certificate of the town clerk and the advice of counsel.

In the third reason we think the name of the plaintiff Winslow is erroneously inserted instead of the plaintiff Elwell. There is a finding that Elwell did not believe that a final judgment had been obtained as is set forth in this reason. As the evidence on which the trial court acted in coming to this conclusion is not stated, we cannot say there is any error in the finding, even if we were at full liberty to consider it.

As to the fifth reason we think there is no error. Subsequent conduct may, in many cases, be given in evidence to affect or to show the character of prior acts or intentions. 1 Greenl. on Ev. § 53.

There is no error.

In this opinion the other judges concurred.