WILLIAMS v. HEDRICK et al.

(Circuit Court of Appeals, Seventh Circuit.   May 16, 1900.)

No. 483.

1. TAX LIEN—FORECLOSURE—ESTATE PASSING BY SALE.
    While a tax lien attaches to the land itself, without regard to individual ownership, a part only of such land, or an interest therein less than the entire estate, may pass, by legal intendment, under a foreclosure of such lien; and under the statute of Indiana (3 .Burns' Rev. St. 1894, § 8640) which authorizes the foreclosure of an invalid tax deed by a suit to which all persons having interests in the land of record shall be made parties, and provides that the equity of redemption of all the defendants shall be foreclosed by the decree therein, where the owner of a life estate was made a defendant in such a suit, but the remainder-man was not, and the land was sold under the decree therein for the full amount of such decree, the purchaser acquired, and acquired only, the life estate, and the lien upon the interest of the remainder-man was discharged, although both the decree and the deed executed thereunder purported to deal with the entire estate.

2. SAME—RIGHT OF REDEMPTION—INDIANA STATUTE.
    Under 3 Burns' Rev. St. Ind. 1894, § 8640, providing for the foreclosure of tax deeds found invalid in suits brought by the holders to quiet title, and that "the proceedings in such cases shall be conducted in the same manner, as near as may be, in conformity with the practice in the case of foreclosure of mortgages," the statutes of the state giving the right

of redemption within one year from all sales "on execution or decretal order" apply to sales made under decrees in such suits, and the right of the purchaser to a deed does not mature until one year after the sale.

On petition for rehearing. For former opinion, see 37 C. C. A. 552, 96 Fed. 657.

S. N. Chambers, for appellant.
John R. Wilson and Otto Gresham, for appellees.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

WOODS, Circuit Judge. A rehearing is sought chiefly on the ground that it was error to hold that the foreclosure of the tax lien and the deed made in consummation of the sale under the decree were sufficient to pass to the purchaser the life estate of Joseph Hedrick. The argument is that a tax lien is statutory only; that the laws of Indiana make the lien one against the land,—against the rem; that the owner of the remainder in fee, Lawrence H. Hedrick, was not a party to the foreclosure; that there is no law authorizing the assessment or valuation of a life estate for taxes, nor giving a lien on a life estate for taxes, nor authorizing the sale of a life estate under a foreclosure of a tax lien, nor the sale of a life estate at a tax sale; that the proceedings to foreclose were not against a life estate, no offer to sell a life estate was made, no advertisement of such sale was made, no one had an opportunity to bid at a tax sale or foreclosure sale of such an estate, and the deed executed did not purport to convey such an estate.

It is not questioned that a tax lien "attaches to the res, without regard to individual ownership." It was so said in Osterberg v. Trust Co., 93 U. S. 424, 23 L. Ed. 964. But it does not follow that there may not be a foreclosure, either expressly or by legal intendment, against a part of the land covered by the lien, or against an interest therein less than the fee simple or entire estate. The statute under which the foreclosure was had (3 Rev. St. Ind. 1894; Burns' Rev. St. Ind. § 8640) authorizes the holder of a tax deed to bring suit in the circuit court of the county where the lands or lots lie to quiet his title thereto, without taking possession; "and all parties who have or claim to have, or appear of record in any public office of the county where such land or lot is situated to have, any interest in, or lien upon, such lands or lots," it is required, "shall be made defendants to such suit, and no outstanding unrecorded deed, mortgage or claim shall be of any effect as against the title or right of the complainant as fixed and declared by the decree made in such case"; and if at the hearing it appears that the complainant's title is invalid, for any cause, "such suit shall not be dismissed," but the court shall "ascertain the amount due the complainant for principal and interest to be computed at twenty per cent. per annum," shall decree the payment thereof within a reasonable time, and in default thereof "shall direct that such land or lot be sold therefor, and that the equity of redemption of all the defendants in such suit, and all persons claiming under them shall be forever foreclosed: provided, that proceedings in such cases shall be conducted in the same manner, as near as may be, in conformity

with the practice in the case of foreclosure of mortgages." The requirement in respect to parties doubtless was intended to conform to the general rule of practice declared by the Civil Code of Indiana (section 268), that "any person may be made defendant who  *  *  * is a necessary party to a complete determination or settlement of the questions involved." It certainly means, and was intended to mean, that a foreclosure of a tax lien shall not affect any one known or shown by the record to be interested in the land, who is not made a party to the suit; but it does not mean that a valid decree may not be rendered against parties served with process because others interested have not been joined as defendants, or have not appeared or been served with process. We have no doubt that in such a suit the court, in the exercise of its equity powers, as in suits for the foreclosure of mortgages or other liens, may so frame its decree as to require that the title or interest of one defendant in the land shall be offered for sale before the title or interest of another, if it be made to appear that in good conscience it ought to be so ordered. All we need say, however, and all that is decided or implied in the opinion handed down, is that a foreclosure of a tax lien may be taken against one of two or more who have, or claim or appear of record to have, an interest in or lien upon the land covered by the tax lien; and if, by virtue of the decree, the land is sold for the full amount of the decree, the purchaser acquires, and acquires only, the title or interest of the one against whom the decree was taken; however described in the proceedings and deed, and all other interests are thereby discharged of the tax lien. The purchaser under such a decree, as under any other foreclosure, is bound to know who was made defendant, and what title or interest he had which could be affected by the decree.

It is urged, and, on reflection, we think justly, that the opinion handed down leads necessarily to a consideration of the respective rights of the appellant and the cross complainants English and Kent, and particularly of the question of the effect of Williams' attempt to redeem from the sale on mortgage foreclosure to English, trustee, and of English's attempt, as trustee, to redeem from the sale to Voris, under which Williams asserts title.

The contention of Williams is that he had acquired the title of Joseph Hedrick, and, as owner of the land, was entitled to redeem from, or to pay off and discharge, any lien or incumbrance on the title, On the other hand, it is insisted that for various reasons the sale and conveyance to Voris were void, and that, having acquired no title thereby, Williams, under his tax deed, conceded to be invalid as a conveyance, had only a lien, derived from the state, for the taxes which he had paid, with penalties, and interest, and that his lien, being paramount, gave him no right to redeem from junior liens. Whether the sale to Voris was irregular for any of the reasons urged, it is not necessary to inquire. If irregular, it was not void, but, at most, subject to be set aside at the instance of Joseph Hedrick, or any other in a position to raise the question; but if, as contended, the sale was subject to a right of redemption within a year, like ordinary sales "on execution or decretal order," then the sheriff's

deed to Voris was premature, and, if not absolutely void, probably was effective only as a certificate of purchase, showing the holder's right to a deed at the end of the year if meanwhile there should have been no redemption from the sale. If the sale under Williams' decree was subject to redemption, then on November 30, 1894, when he deposited with the clerk of the Warren circuit court the money necessary to redeem from the sale made on December 9, 1893, under the decree foreclosing the mortgage to English, trustee, he had no right to redeem therefrom, because he was himself only a lienholder, and his lien superior to that from which he sought to redeem. On the contrary, English had the right to redeem from him, as the grantee or assignee of Voris, as the record shows he made a proper and timely offer to do, but was denied the privilege. The sale to English antedated that to Voris by fourteen days, and, no redemption therefrom having been effected, his right to a conveyance was the first to ripen. It does not appear, however, that he ever received a deed from the sheriff in consummation of his purchase. On the same theory it follows that the title of Joseph Hedrick was not devested until January 10, 1895, when he conveyed to Kent, who later conveyed to English, trustee. English not having been a party to the proceedings, his right to redeem from the lien acquired by Williams by virtue of the invalid tax sale was not affected by the foreclosure of that lien, or by the sale made under the decree. He was therefore under no necessity of pursuing the method prescribed by the statute regulating redemption from sales made upon executions or decretal order. His right was to redeem from the original lien for taxes which became vested in Williams as the holder of the invalid tax deed, and that he could do by tendering the proper sum to the owner of the lien.

Is there, under the Indiana statute (section 8640, Burns' Rev. St. 1894), a right of redemption from a sale of real estate on a decree of foreclosure obtained by the holder of a tax deed, found to be invalid, in an action to quiet his title? The right to redeem "any real estate or interest therein   *   *   *   sold by the sheriff on execution or decretal order" was given by the act of June 4, 1861 (Sess. Laws Ind. 1861, Sp. Sess., p. 79), and remains essentially unmodified (Rev. St. 1881, § 766; Burns' Rev. St. 1894, § 778). The right of a purchaser of land at a tax sale, in case of the invalidity of the deed made to him by the county auditor, to be subrogated to the lien of the state, and to obtain a foreclosure thereof by proceedings in court, is of later origin, and from the beginning has been allowed in two distinct forms of action or modes of procedure, but, except for a short while, on different conditions. Laws 1881, pp. 684, 685, §§ 227, 228 (Rev. St. 1881, §§ 6496, 6497). Amendatory acts have been passed, to which reference will be made; but the original sections mentioned, in so far as they bear on the question of redemption after sale, were the same as sections 8640, 8641, Burns' Rev. St., now in force. The difference between the provisos in the two sections is to be observed. By the original section 227, corresponding to the present section 8640, the holder of a tax deed, who had not taken possession, was authorized to bring suit to quiet his title; and if, for any cause, his

title proved invalid, the court, it was provided, should ascertain the amount due, decree the payment thereof within a reasonable time, and in default thereof should "direct that such land or lot be sold therefor, and that the equity and right of redemption of all defendants in such suit, and all persons claiming under them, shall be forever foreclosed: provided, that the proceedings in such cases shall be conducted in the same manner, as near as may be, in conformity with the practice in the case of foreclosure of mortgages." Original section 228, corresponding to present section 8641, relates to suits by landowners against the holders of tax deeds, and provides that, in case of judgment against the person holding possession under a tax deed for the recovery of the land, the court shall ascertain the amount due the party holding the tax deed, and for all improvements made by him, "and shall decree the payment thereof within such reasonable time as may be determined by the court, and in default of such payment shall decree that such lands be sold therefor, or sufficient thereof," etc.: "provided, that there shall be no right of redemption of such property after the date of sale, and that the sale shall be without the benefit of appraisement laws."

The controlling reason for denying in this section a time for redemption after sale was, it may be presumed, that by the very theory of the action the bringer of the suit was bound to anticipate a decree requiring him to pay whatever sum should be found due to his adversary, and, being under no necessity, outside of the statute of limitations, to move in the matter, would not bring suit until ready to pay whatever in that respect should be adjudged against him; while, in an action under section 227 and its amendments, the right and burden of redemption have always been with the defendant, who, of course, could not choose the time of being sued. The inference, therefore, is cogent, if not conclusive, that the proviso in section 8640 for conformity with the practice in the foreclosure of mortgages was intended to include the right of redemption within one year after the sale. That purpose is put beyond doubt by subsequent legislation. By an act which took effect on March 5, 1883 (Laws 1883, p. 95), section 227 of the act of 1881 was amended by adding to the proviso the following:

"And the sale shall be without the benefit of appraisement laws, and the sheriff shall, upon receipt of the purchase money, execute to the purchaser a deed in fee simple therefor."

Under this provision for the immediate execution of a deed by the sheriff, it was inevitable that it should be held, as it was in Hall v. Craig, 125 Ind. 523, 25 N. E. 538,—decided at the May term, 1890,—that after sale there could be no redemption. Influenced, presumably, by that decision, the legislature of the state at its next session, in 1891, enacted the present law; restoring in the proviso of section 227, as it appears in section 8640, Burns' Rev. St., the original and unqualified requirement for conformity with the practice in the foreclosure of mortgages, but leaving the other section (228 or 8641) without such requirement and with an explicit proviso that in cases governed thereby there should be no appraisement before, and no redemption after, sale. In the case of Insurance Co. v. Kroh, 102 Ind.

515, 2 N. E. 733, the general principle was declared that tax laws, so far as they relate to redemption, should be liberally construed in favor of the landowner; and accordingly the right of redemption seems to have been conceded in practice, even in cases of sales under decrees in favor of the state, foreclosing the lien of the state for taxes under sections 8635 and 8636, enacted at the same time with sections 8640 and 8641. See Beard v. Allen, 141 Ind. 243, 39 N. E. 665, 40 N. E. 654. It is clear that once the amount of any tax has been paid to the state, and the lien of the state has passed to the holder of a tax-sale deed, there can be no longer any good reason, deducible from a supposed intention manifested in the revenue statutes of the state "to make the system of assessing and collecting taxes a distinct and independent one," for holding that the foreclosure of the lien in favor of the individual owner of it should not be conducted to the end, in respect at least to redemption, in conformity to the rules which govern ordinary cases of sales "on execution or decretal order"; and, in view of the course of legislation on the subject, the only proper and reasonable conclusion seems to be that from a sale made by virtue of a decree of foreclosure under section 8640 there is the same right of redemption as from an ordinary sale in pursuance of a decree for the foreclosure of a mortgage. It follows that the status of Williams in the case, as against English and Kent, was that of the holder of the senior or paramount lien. The right to redeem, therefore, belonged to them, and not to him.

In determining the amount due to Williams the master followed the ruling in Ristine v. Johnson, 143 Ind. 44, 41 N. E. 538, 42 N. E. 310, that, when redemption from a tax sale is by or in behalf of an infant or person of unsound mind, interest on the delinquent taxes and penalties is not chargeable. But Lawrence H. Hedrick, the infant appellee, being eliminated, as he must be, from the question, that rule does not apply; and in computing the amount due to Williams, as well as to English, trustee, and to Kent, if he has not transferred his rights to English, interest should be allowed to the date of the decree as it shall be corrected and finally entered. Before the master the cross complainants each declared himself ready to convey whatever interest he had in the land to Lawrence H. Hedrick, on being reimbursed for such outlays as entitled him to a lien on the land or on the fund in court. The decree was framed accordingly. That part of it is not here questioned, and is affirmed. The amount due to Williams on October 18, 1893, was determined by the decree of that date; and it is only just that, to begin with, he be allowed the sum of $577.94, the amount of the bid at the sale made on December 23, 1893, under that decree. To that should be added what he subsequently paid on taxes, for insurance, and on the McCabe judgment, if that was a lien on the property. He is, of course, to be charged with the amount of rents received. The amounts due to the cross complainants should be determined in the same way, computing interest to the date of the final decree. There should be no recovery of costs in this court or in the court below. Out of the fund in or to come into the registry of the court, arising from the rents of the property pending the litigation, the court will order the payment—

First, of all costs in the case in both courts; second, the amount found due to the appellant Williams; third, the amounts found due to English, trustee, and to Kent, if anything; and, fourth, the remainder to the complainant Lawrence H. Hedrick, or to his attorneys of record for his use, less a just compensation for their services in the litigation. Each of the parties shall be authorized to reclaim and withdraw any sum deposited by him for the purpose of redeeming from any of the liens in question. Let the mandate so go. The petition for a rehearing is denied.