LANE v. EASTMAN et al.

(Supreme Court, Appellate Division, Fourth Department.   July 11, 1911.)

APPEAL AND ERROR (§ 979*)—NEW TRIAL (§ 72*)—WEIGHT OF EVIDENCE—DIS-
CRETION OF LOWER COURT.
   In an action for fraud in the sale of stock, the setting aside of a ver-
dict for defendants and granting a new trial on the ground that the ver-
dict was against the weight of the evidence was a matter in the trial
court's discretion, which the appellate court will not review.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3871–
3873; Dec. Dig. § 979;* New Trial, Cent. Dig. §§ 146–148; Dec. Dig. §
72.*]

Appeal from Trial Term, Monroe County.

Action by Charles M. Lane against George Eastman and others.
From an order setting aside a verdict for defendants and granting a
new trial, and an order denying defendants' motion to correct and
amend the order setting aside the verdict (65 Misc. Rep. 336, 120 N.
Y. Supp. 237), defendants appeal.   Affirmed.

See, also, 123 App. Div. 914, 108 N. Y. Supp. 1138, and 140 App.
Div. 921, 125 N. Y. Supp. 1127.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

John G. Milburn, Joseph W. Taylor, Walter S. Hubbell, and Daniel
J. Kenefick, for appellants.

Alton B. Parker, James M. E. O'Grady, Elbridge L. Adams, John
Desmond, and Frank Sullivan Smith, for respondent.

KRUSE, J.   The main questions in this case are similar to those
involved in the case of Downey v. Finucane et al., 130 N. Y. Supp. 988.
The two cases were argued together.   The plaintiff, as in the Downey
Case, seeks to recover damages for fraud and deceit, having purchased
some of the bonds and stock, relying upon the prospectus referred to
in that case.

In this case the jury rendered a verdict as to some of the defendants
and disagreed as to the others.   The trial judge set aside the verdict,
and the appeal is from the order setting aside that verdict.   But four
of the six alleged fraudulent statements were pleaded.   The fourth
and sixth are not included in the complaint.   At the close of the evi-
dence the defendants moved for a direction of a verdict in their
favor, which was denied.   The defendants then asked that each of the
four questions of fraud set forth in the complaint be taken from the
jury.   The motion was granted as to the representations regarding
the New York City franchise and the issuing of the $41,000,000 of
stock on the property at an overvaluation.   The other two questions
were submitted to the jury.

More than six peremptory challenges were allowed to each side,
the judge taking the view that each of the defendants was entitled to
six.   In his opinion granting the new trial he adheres to the ruling
as regards the New York City franchise and the $41,000,000 of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stock, but as to the challenges expresses the opinion that, as the case finally developed, all the defendants together should have been allowed not more than the six peremptory challenges, but that it was not apparent when the jury was impaneled. He also held that the finding of the jury which resulted in a verdict of no cause of action as to some of the defendants was against the weight of the evidence.

Of course, if we are right that the fraud may be predicated upon the representations relating to the New York City franchise and the $41,000,000 of stock issued, that of itself is sufficient to uphold the order granting the new trial. Furthermore, we are not persuaded that there was an abuse of discretion upon the part of the trial court in setting aside the verdict as contrary to and against the evidence.

It follows that the orders appealed from should be affirmed, with costs. All concur, WILLIAMS, J., in result in a separate opinion, and McLENNAN, P, J., in result on the ground that it cannot be said that the trial court abused its discretion in setting aside the verdict because contrary to and against the weight of the evidence.

WILLIAMS, J. Both orders should be affirmed, with costs. The order refusing to resettle the first order was a matter of discretion. While the trial justice considered various other grounds for granting the new trial than the one stated in the order, and discussed them in his opinion, he had a right to base his conclusion on the single one, that the verdict was contrary to the evidence; and, if that was sufficient, it is unnecessary for us to determine the other grounds which the plaintiff now claims might have been relied upon for making the order. If we were to hold the one ground relied upon was untenable, we would then be called upon to decide whether some of the other grounds urged were not sufficient for granting the new trial. The record, the evidence, and the briefs of counsel are voluminous, and the opinion of the presiding justice is valuable in calling our attention to the precise point upon which he believed the jury went wrong. Let us briefly consider the condition of things.

The action was brought to recover damages for fraud in the sale of bonds and stock of the United States Independent Telephone Company, and the fraud was based upon a prospectus issued by the defendant Fenn. Four statements in the prospectus were alleged to be fraudulent. Upon the trial the court took from the jury two matters in these statements, holding they could not be found to be fraudulent. The jury were permitted to pass upon the other statements, and say whether they were grounds for finding fraud. If they were not, then there could be no verdict against any of the defendants. If they were, then a verdict could be rendered against such of the defendants as were responsible for the issue of the prospectus. The jury, having failed to agree as to four of the defendants, could not have agreed that there was no basis for the finding of fraud in the prospectus. And, in order to relieve the five defendants from liability, they must have found that they were not responsible for the issue of the prospectus. This is the particular question upon which the trial justice considered the verdict contrary to the evidence, and he discussed

this question of fact at considerable length. There was a syndicate, of which these defendants were members. They were also directors of the United States Independent Telephone Company. The question was whether Fenn in issuing the prospectus was acting as agent for the syndicate or the company; and, if for the company, whether the defendants as directors were personally liable for any fraud therein. The syndicate had managers which they selected, and it was claimed by the plaintiff that Fenn issued the prospectus under their direction. The trial justice says that the jury evidently agreed that none of the five defendants in whose favor their verdict was rendered was guilty of any personal wrongdoing, and in that finding he heartily concurred. The question discussed was whether they were legally responsible for the issue of the prospectus. He gave much care and attention to the trial, heard all the evidence, saw all the witnesses, and, after the verdict, upon this motion again went over the facts as he understood them, in great detail, and his conclusion was, not that there was no evidence to support the verdict, but that the weight of the evidence was against it. There was a great volume of the evidence bearing upon this question, and I do not think this court should go over it all and discuss it, and say whether we agree with the conclusion arrived at by the trial justice. It is unfortunate that these defendants should be subjected to the annoyance and expense of another long trial after they have once secured a verdict in their favor as to disputed facts, but the uniform practice of this court has long been to leave a question of this kind to the discretion of the justice who presided at the trial, except in extraordinary cases, and I think this is. not such an exceptional case.