BRASHEARS ET AL. *v.* COLLISON ET AL.
(Two Appeals in One Record)

[No. 136, October Term, 1954.]

*Decided June 9, 1955.*

*Petition for clarification of opinion filed June 14, 1955, granted June 21, 1955, and opinion amended in part.*

The cause was argued before BRUNE, C. J., and DELA-
PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Marvin I. Anderson* and *Malcolm B. Smith* for B.
Raymond Brashears and the other petitioners.

*George B. Woelfel,* with whom was *Thomas J. Curley*
on the brief, for Thomas E. Collison and Etta Mae Colli-
son, his wife.

*Wilmer D. Pyles,* with whom was *Arthur G. Lambert*
on the brief, for J. D. Hedin and Emma J. Hedin, his
wife.

*Charles F. Stein,* with whom was *O. Bowie Duckett*
on the brief, for the National Central Bank of Baltimore.

*C. Maurice Weidemeyer,* with whom was *Basil E.
Moore, Jr.,* on the brief, for Harry Orme and Cora V.
Orme, his wife.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a decree denying the reopen-
ing of a decree of foreclosure of property sold at tax
sale as to some interested parties, and reopening and
declaring null and void the decree of foreclosure as to
other parties.

The facts of the case are substantially as follows.
Nicholas G. Collison died testate in Anne Arundel County
on or about May 30, 1908, seized and possessed, among
other things, of certain real estate including a tract of

land containing approximately twenty acres in Anne Arundel County. By his last will and testament, dated February 26, 1907, he devised this twenty acre tract of land to his son, David W. Collison, "for and during his, the said David W's life and at his death to go to his children lawfully begotten share and share alike the Child or Children of any deceased child of said David's to take the parents share." After a number of other devises and bequests, he devised and bequeathed all the rest and residue of his estate "to be divided equally share and share alike among those of my grandchildren, only, who are heretofore named in this Will, said shares to be paid or deposited in the manner prescribed in the specific bequests and devises to them severally made." This will was admitted to probate on June 9, 1908, and David W. Collison qualified as executor. He paid the taxes on the land through the year 1936 but failed to pay the taxes thereon for the years 1937 and 1938. The Treasurer of Anne Arundel County on October 10, 1938, sold the property for non-payment of taxes for $36.00, being the amount in arrears including interest and costs, to Minnie E. Collison, the wife of David W. Collison, and one of the appellees here. This sale was reported to the Circuit Court for Anne Arundel County and an order passed on November 2, 1939, ratifying and confirming the sale. The Treasurer and County Commissioners of Anne Arundel County by deed dated December 19, 1939, conveyed the property to Minnie E. Collison in fee simple.

Under the provisions of Chapter 761, of the Acts of 1943, known as the Tax Sales Act, Code, 1951, Article 81, Section 72-90 inclusive, which provided a proceeding wherein the equity of redemption of former owners of real estate sold at tax sale could be foreclosed, a tax sales certificate was issued on September 8, 1944, to Minnie E. Collison, showing the sale of the real estate purchased by her at the tax sale. The said Minnie E. Collison, on September 20, 1944, assigned the certificate of tax sale to Thomas E. Collison, a nephew of her husband, but not one of the grandchildren named in the

will of Nicholas G. Collison. Three days later, on September 23, 1944, Thomas E. Collison and Etta Mae Collison, his wife, among the appellees, and the cross-appellants in this case, filed a bill of complaint against his uncle, David W. Collison, the life tenant "and all persons having or claiming to have any interest in the property assessed to David W. Collison '20 acres and improvements, Mayo District No. 1,' * * *." They asked that the right of redemption in said property be foreclosed. This bill of complaint recited, among other things, the fact that the tax sale was made to Minnie E. Collison, who was the wife of David W. Collison, "who held a life interest therein under the will of his father, Nicholas G. Collison, * * * to go to his children lawfully begotten share and share alike * * *" and that the said David W. Collison was still living and had no children prior to the tax sale nor did he have any children at the time the bill of complaint was filed. The order of publication was published "warning all persons having or claiming to have an interest in the property to answer the bill of complaint or to redeem the property on or before the thirtieth day of November, 1944." A decree pro confesso was taken against David W. Collison "and all persons having or claiming to have an interest in the property" on December 1, 1944. On December 28, 1944, a final decree of foreclosure was entered and the solicitor for Thomas E. Collison and wife was appointed to convey the real estate to the said Thomas E. Collison and wife in fee simple. This decree of foreclosure provided in part that "all rights of redemption of all Defendants whether named or not and of all persons having or claiming to have any interest in the property * * * be and they are hereby forever foreclosed." The trustee, on January 8, 1945, executed a deed in fee simple to Thomas E. Collison and wife for the said twenty acres of land.

Since the execution of that deed Thomas E. Collison and wife have been in possession of the property, built a store thereon, have had plats prepared, and caused

it to be subdivided into lots. They are still in possession of some of these lots but have made conveyances of others. On March 2, 1946, they conveyed to Marshall Barnes and wife three lots which were mortgaged by Barnes and wife to the Annapolis Banking and Trust Company, one of the appellees here. On January 19, 1950, Barnes and wife conveyed the lots, subject to the aforesaid mortgage, to Paul D. Collison and wife, two of the appellees here. On February 3, 1950, Thomas E. Collison and wife conveyed to Harry Orme and wife, appellees herein, nine lots subject to a purchase money mortgage to Thomas E. Collison and wife. On February 28, 1950, Thomas E. Collison and wife conveyed eight lots to J. H. Hedin, one of the appellees here, which are subject to a mortgage to the National Central Bank of Baltimore, one of the appellees.

David W. Collison died on or about July 30, 1950, without leaving any child or children or descendants surviving. The only child ever born to David W. Collison died in infancy in 1896, twelve years before the death of Nicholson G. Collison. On September 19, 1953, some of the residuary devisees in the will of Nicholas G. Collison filed a bill of complaint wherein they prayed that the tax sale herein and the proceedings for the foreclosure of the right of redemption be declared null and void, and the property sold for the purposes of partition. A demurrer was sustained to that bill. On March 16, 1954, four of the grandchildren, named as residuary devisees in the will of Nicholas G. Collison, filed a petition in the foreclosure case praying that the proceeding therein be reopened; that the tax sales be declared null and void; and for other and further relief. After answer filed, testimony was taken in open court by the chancellor. He decreed on October 15, 1954, that the petition be dismissed as to so much of the land as was conveyed by Thomas E. Collison and Etta Mae Collison, his wife, to the Barnes, the Ormes and J. D. Hedin. He further decreed that the decree of foreclosure be reopened and declared null and void as to the petitioners, appellants

here, as to all the lands other than the parts conveyed by Thomas E. Collison and wife to the said Barnes, Ormes and J. D. Hedin, and that Thomas E. Collison and wife pay the costs of the proceedings.

From that decree the appellants, petitioners, B. Raymond Brashears and Rose Brashears, his wie; David Clifton Dawson and Yetive C. Dawson, his wife; Elsie Winstead Hutchinson and Orion Neely Hutchinson, her husband; Myrtle Collison Young and William O. Young, her husband, hereinafter designated as appellants, and Thomas E. Collison and Etta Mae Collison, his wife, hereinafter designated as cross-appellants, appeal to this Court.

Chapter 761, Section 90M, of the Acts of 1943, Code, 1951, Article 81, Section 111, provides: "(Decree of Court Conclusive.) No application shall be thereafter entertained to reopen any final decree rendered under the provisions of this sub-title except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose. If the final decree of the court foreclosing all rights of redemption is set aside on the ground of lack of jurisdiction, the amount required to redeem shall be the amount required by the provisions of this sub-title, and in addition thereto, the reasonable value, at the date the decree is set aside, of all improvements made on the property by the purchaser and his successors in interest."

It is provided by Chapter 761, Section 90C, of the Acts of 1943, Code, 1951, Article 81, Section 101, as follows: "(Parties.) The plaintiff in any proceeding to foreclose the right of redemption shall be the holder of the certificate of sale. The defendants in any such proceeding shall be the following: (a) The owner of the property as disclosed by a search of the Land Records of the County, of the records of the Register of Wills of the County, and of the records of any court of law or equity of the County. (b) If the property be subject to a ground rent, the parties defendant shall be the owner of the fee simple title and the owner of the leasehold title as

disclosed by a search of the Land Records of the County, of the records of the Register of Wills of the County and the records of any court of law or equity of the County. (c) Any mortgagee of the property or his assignee of record, named as such in any unreleased mortgage record among the Land Records of the County. (d) The State of Maryland may be made a party defendant in any action to foreclose the right of redemption. It shall not be necessary to name as defendant any other person having or claiming to have any right, title, interest, claim, lien or equity of redemption in and to the property sold by the Collector. Any or all of such persons may be included as defendants by the designation 'all persons having or claiming to have any interest in property . . . . . . . . . . . (giving a description of the property in substantially the same form as the description which appears on the Collector's tax bill).' Any or all such persons may be designated throughout the proceeding by the above designation and the cause may proceed against them by publication under order of court as hereinafter provided."

The first question before us is whether the appellants, the grandchildren named in the will of Nicholas G. Collison as residuary legatees, were necessary parties defendant in the proceedings to foreclose the right of redemption.

We are of opinion, as found by the chancellor, that the petitioners here were necessary defendants in the foreclosure proceedings and, therefore, as to them the court had no jurisdiction to forclose the right of redemption, they being owners of a remainder interest in the property sold at tax sale. The decree of foreclosure as to them was null and void. It was said by this Court in *Ringgold v. Carvel*, 196 Md. 262, 273, 76 A. 2d 327: "The will under consideration devises a contingent remainder to the grandson's children and grandchildren. living at the time of his death, and by the residuary clause gives the reversionary interest to his son for life with remainder to the son's children and grandchildren

living at the time of his death. We hold that where there is a devise to one person for life with a contingent remainder to his surviving children in fee simple, and a residuary devise (including the reversion after the life estate) to another, and the life tenant had no children, the residuary devisee takes the fee simple as a vested remainder. In the language of Professor Tiffany, such devise presents 'a case of the limitation of a vested remainder subsequent to the limitation of a contingent remainder in fee simple.' 2 Tiffany, Real Property, 3d Ed., sec. 333." See also *Barnum v. Barnum*, 42 Md. 251, 312, 313; *Miller, Construction of Wills*, Sections 216, 217, 218. The statute above quoted specifically provides that owners of property as disclosed by a search of the records of the Register of Wills of the county shall be made parties defendant in any proceeding to foreclose the right of redemption. A search of such records of the Register of Wills would show that Raymond Brashears, David C. Dawson, Elsie Petty, now Elsie Winstead Hutchinson, and Myrtle Collison, now Myrtle Collison Young, were named among the grandchildren of Nicholas G. Collison in his will and as residuary legatees. They were not named as defendants, no sub-poenas were issued against them or any of them, and no order of publication was published against them or any of them by name. As to them the court was, therefore, without jurisdiction to pass the decree of foreclosure here attacked. It is said in 169 A. L. R., page 717: "It has generally been held that a life tenant and the remaindermen must be made parties to an action for the recovery of taxes, or the foreclosure of a tax lien, in order to subject their interest to the payment of the taxes or foreclose their interest in the property." *City of Louisville v. Kohnhorst's Adm'x.*, (Kentucky), 76 S. W. 43; *Moore County v. Burns*, 224 N. C. 700, 32 S. E. 2d 225; *Williams v. Hedrick*, 96 Fed. 657, 37 C. C. A. 552, (C. C. A. 7th, 1899), rehearing denied, 101 Fed. 876, 42 C. C. A. 75, (C. C. A. 7th, 1900); *Gunter v. Townsend*, 202 Ala. 160, 79 So. 644, (1918); *Bradley v. Goff*, 243 Mo. 95, 147

S. W. 1012, (1912) ; *McCune v. Goodwillie,* 204 Mo. 306, 102 S. W. 997, (1907) ; *Board of Commissioners of Roxboro v. Bumpass,* 233 N. C. 190, 63 S. E. 2d 144, (1951) ; *Eason v. Spence,* 232 N. C. 579, 61 S. E. 2d 717, (1950). It was said in *Powell v. Turpin,* 224 N. C. 67, 29 S. E. 2d 26, 28, a tax sale case, quoting from *Card v. Finch,* 142 N. C. 140, 54 S. E. 1009: " 'It is axiomatic, at least in American jurisprudence, that a judgment rendered by a court against a citizen affecting his vested rights in an action or proceeding to which he is not a party is absolutely void, and may be treated as a nullity, whenever it is brought to the attention of the court. ' " *Shaffer v. Schaleben,* (Texas), 236 S. W. 2d 234.

Counsel for Thomas E. Collison and Etta Mae Collison, his wife, not presently representing them in the case before this Court, who filed the foreclosure proceedings for them, testified in effect that in his opinion it was not necessary to make the grandchildren named in the will of Nicholas G. Collison parties defendant. The chancellor, in his opinion, in finding that the decree was obtained by fraud in law, said the following: "He [the solicitor for Thomas E. Collison and wife] decided that it was not necessary to make said grandchildren parties defendant by name and have subpoenas personally served on those who were residents of Maryland, or to actually name those who were non-residents in the order of publication. I have no doubt that in so doing he conscientiously believed that he was right. I do not mean, for an instant, to suggest that [he] deliberately intended to perpetrate a fraud. I know him too well for that. But, I do think that he was wrong in his opinion, and that said decree, having been obtained without said grandchildren being named as defendants when he knew who they were and could easily have obtained their addresses if he had tried, said decree must be regarded as having been obtained by fraud in law. * * * A decree obtained without making those persons parties whose rights are affected by it is, as to them, fraudulent. * * * It was argued by counsel for Mr. and Mrs. Thomas E.

Collison that they, having procured and relied on the advise of counsel, cannot be charged with fraud in obtaining the decree. I cannot follow him in that." In the case of *Donnelly v. Baltimore Trust Co.*, 102 Md. 1, 12, 13, 61 A. 301, an action for deceit, it was said: "Is it to be said then that when a client makes a statement based on the opinion of reputable and competent attorneys, as he understands it, a copy of which is inserted in the document in which the statement is made, his act is to be declared *fraudulent,* even if it be admitted that he was mistaken in his construction of the opinion? It would seem to be clear that it could not be so declared —at least not unless the opinion was not open to the construction he placed on it, which we have intimated above was not the case. This Court has in substance stated the same doctrine a number of times, but the latest expression by it is in *Boulden v. Stilwell,* 100 Md. 543, where it is said 'The foundation of the action is actual fraud, and nothing short of this will suffice. Consequently a misrepresentation believed by the speaker to be true, though induced by his ignorance or negligence, will not sustain an action for deceit. There must be either knowledge of the falsity of the representation, or such reckless indifference to truth in making it as is held equivalent to actual knowledge.' See also *Cahill v. Applegarth,* 98 Md. 493, and cases there cited. Of course the law does not excuse a person in all cases merely because he relied on the opinion of his attorney, but he is not liable in this form of action—which has as its basis actual fraud—when he has acted on the opinion of his attorneys in making a statement, if he did so honestly. In *Derry v. Peek,* 14 App. Cas. 337, LORD HERSCHELL thus explained what is meant by a statement made recklessly or without care: 'To make a statement *careless whether it be true or false, and therefore without any real belief in its truth,* appears to me to be an essentially different thing from making, through want of care, a false statement, which is nevertheless honestly believed to be true.' So, without further discussion of it, we

are of opinion that there was not legally sufficient evidence tending to show fraud in this representation to justify the submission of it to the jury." It was said in *Elwell v. Russell,* 71 Conn. 462, 42 A. 862: "No fraud can be imputed by law to one who makes representations as to the title to real estate in honest reliance on the certificate of the town clerk and the advice of counsel." See also *Lane v. Fenn,* 65 Misc. 336, 120 N. Y. S. 237, affirmed 146 App. Div. 205, 130 N. Y. S. 995; *Elliott v. Sullivan,* 156 Mo. App. 496, 137 S. W. 287, 289. We must, therefore, hold that the decree here attacked was not obtained by fraud.

The chancellor further found that the petitioning grandchildren, the appellants here, were barred by laches from then coming in and questioning the decree of foreclosure. With this conclusion we do not agree. It is provided by Code, 1951, Article 81, Section 98, in part as follows: "(Proceeding to Foreclose Right of Redemption—Must Be Brought within Two Years.) The holder of any certificate of sale, his heirs or assigns, may at any time after the expiration of one year and a day from the date of sale, file a bill in equity to foreclose all rights of redemption of the property to which such certificate relates, as hereinafter provided. *The right to redeem shall, nevertheless, exist and continue until finally barred by the decree of the court of equity in which the foreclosure proceeding is filed.* Unless a proceeding to foreclose the right of redemption is filed within two years of the date of the certificate of sale, the said certificate shall be void and any and all right, title and interest of the holder of the certificate of sale of his predecessors thereof, in and to the property sold shall cease and all money received by the Collector on account of the said sale shall be deemed forfeited, and shall be applied by the Collector on the taxes in arrears on said property; * * *." (Italics supplied.) It is provided by Article 81, Section 90, *supra,* in part as follows: "(Right of Redemption. Certificate of Redemption.) The owner or other person having an estate or interest in the property

352

sold by the Collector *may redeem the said property at any time until the right of redemption has been finally foreclosed under the provisions of this sub-title,* by paying to the Collector the amount required for redemption as hereinafter set forth." (Italics supplied.) These sections specifically provide that the right to redeem shall exist and continue until finally barred by the decree of foreclosure. The burden is on the holder of the certificate of tax sale to bring the foreclosure proceedings.

Laches is an equitable doctrine and its application depends upon the facts and circumstances of each case. Its purpose is to do justice and it is never invoked unless it accomplishes that end. *Connelly v. Connelly,* 190 Md. 79, 84, 57 A. 2d 276. It was said in *Long v. Long,* 62 Md. 33, 69: "It was not therefore until the termination of the life estates, that the parties so claiming and holding could be regarded as holding by wrong as against those in remainder. In other words, the remaindermen in fee had no right of entry until the previous equitable life estates, protected by the legal estate in the trustee, had expired. *Preston v. Evans,* 56 Md. 476; *Jackson v. Schoonmaker,* 4 John. 390. And it has been deliberately held by this Court, that a court of equity in applying the Statute of Limitations analogically, as to the right of entry, will not permit the claim of a party to be affected by any devolution of time short of that which would have barred him at law in an action of ejectment. *Dugan v. Gittings,* 3 Gill, 138, 161; *Needles v. Martin,* 33 Md. 619." *Houck v. Houck,* 112 Md. 122, 133, 76 A. 581. "Obviously, then, there must be a legal duty to do some act, a failure to do that duty and attendant circumstances which cause *prejudice* to an adverse party befor the doctrine can be successfully invoked. Mere lapse of time, without more, unless of sufficient duration to amount to and constitute the bar of the statute of limitations, will not be sufficient." *Demuth v. Old Town Bank,* 85 Md. 315, 327, 37 A. 266. It is stated in 85 C. J. S., Section 853, page 232: "The method of foreclosure of the right to redeem lies within the legislative discre-

tion, and the method prescribed by the statute must be followed." It is said in *Napier v. City of Springfield,* (1939), Mass., 23 N. E. 2d 157: "The general trend of decisions indicates that once a valid assessment of taxes and a sale for nonpayment of the same have been made, the method of foreclosure of the right to redeem lies within the legislative discretion." *McHale v. Treworgy,* (1950), Mass., 90 N. E. 2d 908; *Werner v. Werner,* 74 N. D. 565, 23 N. W. 2d 757; *City of Charlotte v. Kavanaugh,* 221 N. C. 259, 20 S. E. 2d 97.

It was said in *Fisher v. Davis,* (1930), 77 Utah 81, 291 Pac. 493: "The plaintiff has argued in his brief that the defendant's title is barred by laches. It is not contended that the statute of limitations has run or adverse possession been established. It is merely contended that, because defendant permitted the tax sale proceedings to be had without objection and without the assertion of his title, he ought not now, in equity be permitted to assert his title. This contention is without merit. The defendant's claim is one of legal title, and is governed by the statute of limitations. Laches apply to equitable demands. If a legal right gets into equity, the statute governs." The appellees rely strongly on the case of *Nohl v. Holloway,* (1937), 179 Okla. 512, 66 P. 2d 497. In that case the owner of the land did not place the deed on record for twenty-two years and never paid any taxes on it. That case does not seem helpful here. Compare *Phelan v. Roberts,* (1938), 182 Okla. 202, 77 P. 2d 9; *Street v. Dexter,* (1938), 182 Okla. 360, 77 P. 2d 707; *Jones v. McNabb,* (1938), 184 Okla. 9, 84 P. 2d 429; *Dickerson v. Fears,* (1951), 205 Okla. 181, 236 P. 2d 472.

The chancellor, in finding that laches applied here in his opinion, quoted the following: " 'Irrespective of the statute of limitations, or in cases where the statute does not apply, the owner of land sold for taxes will be denied relief against the sale where he has delayed for a great and unreasonable length of time to seek redress; more especially * * * where it has passed into the hands of

innocent purchasers from him in good faith. * * *' " The life tenant here, David W. Collison, died on July 30, 1950. Until that time the petitioners did not know whether they would be divested of their vested remainder. Some of the residuary devisees took their first action against the decree of foreclosure on September 19, 1953. There is no statute which provides any limitation against the right of the owner to redeem his property. He is barred only by a valid decree of foreclosure. We are not of the opinion that the petitioners have delayed for a great and unreasonable length of time in seeking redress.

We are, therefore, of opinion that the decree of foreclosure passed on December 28, 1944, for lack of jurisdiction, should be reopened as to all parties shown to be the owners of the property as disclosed by a search of the Land Records, the records of the Register of Wills, and the records of the court of law or equity of Anne Arundel County, not specifically named as parties defendant. The decree will therefore be affirmed in part and reversed in part, and the case remanded for further proceedings.

> *Decree affirmed in part and reversed in part and case remanded for further proceedings, costs to be paid by Thomas E. Collison and Etta Mae Collison.*