PASCOE, PLAINTIFF IN ERROR, v. GREEN, DEFENDANT IN
ERROR.

1. TOWN SITE ACT—BENEFICIARIES.
The rights of parties as beneficiaries under the town site act must be
determined as of the date of the entry.
2. CONSTRUCTION OF TOWN SITE ACT.
The purpose of the act is to give actual occupants of town lots the right
to purchase them at the minimum price. Such occupancy must be
of that character as evidences an intention to utilize them for resi-
dence or business purposes, and not to hold them merely for specu-
lation.

*Error to the District Court of Pitkin County.*

THIS action was brought in the district court of Pitkin
county, under section 3283, page 953 of the General Statutes,
to determine the right to a conveyance of lots F, G, H and
I, in block 86, in the town site of Aspen. It appears that
the town site was entered June 2, 1881, by J. W. Dean, the
then county judge of Pitkin county; that the entry was sus-
pended and the issuance of the patent thereby delayed until
the 3d day of March, 1885, when a patent was issued to Dean
and his successors in trust, for the Aspen town site; that in
1887 M. G. Miller, then county judge, as successor in trust,
gave the notice required by law, and within the ninety days
these parties filed their statements setting forth their re-
spective claims to the lots in controversy. The court below
found, among other things, as follows:

"Tenth: That at the time of the entry of the town site of
Aspen, neither the plaintiff nor the defendant, nor their
grantors, were possessed or entitled to the possession or oc-
cupancy of lots F, G, H and I, in block 86, of the town site
of Aspen;" and adjudged and decreed that at the com-
mencement of this action neither the plaintiff nor the de-
fendant had the prior and paramount right to the possession
and occupancy of said lots under and by virtue of the entry

of the town site. Pascoe, the defendant below, brings the case here for review, and assigns as error, that the tenth finding of fact and the judgment dismissing the action are against the evidence and contrary to law.

Mr. W. W. COOLEY, for plaintiff in error.

Mr. WM. O'BRIEN and Mr. AARON HEIMS, for defendant in error.

PER CURIAM. By the letter of the town site act and the decisions of this court, " the trust closed upon the entry of the town site." *Cook v. Rice,* 2 Colo. 131 ; *Clayton v. Spencer,* 2 Colo. 378 ; *Adams v. Binkley,* 4 Colo. 247. And the rights of the respective parties as beneficiaries thereunder must be determined as of that date. It is clear that the defendant in error shows no right based upon an equity existing at the time of entry.

The plaintiff in error derives his right, if any, from his grantor, who had, as the evidence discloses, partially built a rough board shanty upon one of the lots in April or May, 1881, and placed posts around a portion of that lot. This building was never completed, and remained unfinished and uninhabitable until some time in 1885, when it was removed by some one.

We think the trial court might fairly hold that such facts did not constitute such possession or right as the town site act requires to constitute a bona fide occupancy, and such as entitles a person to a conveyance of lots under the town site act.

The purpose of the act is to give to actual occupants of town lots the right to purchase them at the minimum price, and such occupancy must be of that character as evidences an intention to utilize them for either residence or business purposes, and not to hold them for speculation merely. The acts relied on by plaintiff in error fall far short of evidencing such intention, and the court below was clearly justified in so holding, and its judgment is affirmed.

*Affirmed.*