The Marysville Investment Company v. Wilhelm Holle *et al.*

**No. 10857.**

Town-Site Deed — *to members of corporation instead of to corporation itself, passes title as against occupier without right. —Adverse possession under void tax deed, of no avail unless for fifteen years.—Tax-deed claimant chargeable with notice of patent-title's existence.—Owner's failure to pay taxes does not estop him from claiming title.* The town site of Palmetto was entered, by the probate judge of Marshall County, for the benefit of the occupants thereof, under the act of Congress of May 23, 1844. He thereafter conveyed the property to M. and eleven other parties named as members of the Palmetto Town Company, which was a corporation. M. and several of the others conveyed their interests to the plaintiff, which brought this suit to recover certain lots occupied by the defendants. The defendants claimed by virtue of adverse possession under a void tax deed for a period of about ten years. *Held: First,* that the deed from the probate judge to M. and others, conveyed a valid title as against the defendants. *Second,* that uncertainty as to the respective rights of the Palmetto Town Company and the persons named in the deed from the probate judge, neither enlarged nor diminished the rights of the defendants under their tax title. *Third,* that mere failure to assert his title for a long period of time will not estop the owner from maintaining an action against one claiming under a void tax deed, whose possession has never ripened into a title by prescription, and is not protected by any statute of limitations. *Fourth,* that one who claims under a tax title is chargeable with notice of the existence of the original patent title as an adverse claim ; and it is unimportant, under the facts in a case like this, whether he is rightly or wrongly in-

formed as to who the holder of that title may be. *Fifth*, that estoppel by conduct arises only where the person claiming the estoppel is influenced in some degree by the conduct set up as constituting the estoppel; and the failure of the owner of town lots to pay the taxes on them does not operate by way of estoppel to strengthen or validate a void tax deed.

Error from the Court of Appeals, Northern Department. Opinion filed December 11, 1897. *Reversed.*

The plaintiff in error brought in the District Court of Marshall County an action of ejectment, against Wilhelm Holle and F. Anton Kienlen and wife, to recover lots 6, 7, and 8, in block 23, in the original town of Palmetto, included in the City of Marysville. The defendants denied the plaintiff's title and right to recover. The case was tried with a jury. The plaintiff introduced in evidence a patent from the United States to Joshua E. Clardy, probate judge, for the southwest quarter of section 28, township 2 of range 7, in Marshall County, as a town site, "in trust for the several use and benefit of the occupants of the town site of Palmetto, according to their respective interests"; a deed from Joshua E. Clardy, probate judge, to F. J. Marshall and eleven others, as members of the Palmetto Town Company, conveying to them the south half of section 28, town 2, of range 7; and deeds to the plaintiff from F. J. Marshall and wife, and other of the grantees named in the last-mentioned deed, conveying their interests in the half-section of land above described. Other evidence, both oral and documentary, was offered on behalf of the plaintiff, but as it has no bearing on the questions decided it is not necessary to state it.

The defendant Kienlen testified that he was in possession of the property, which he occupied with his family as a home, and had so occupied for about ten years. There was a stable and a house on lot 7

when he bought it, and he afterwards built a new house, and made other improvements costing him about six hundred dollars. He bought lot 7 from Antone Huber for $140, receiving from him a quit-claim deed, dated June 16, 1887. He stated on the witness stand that he had no title to lots 6 and 8. The defendants introduced in evidence a chain of conveyances from the administrator of J. D. Brumbaugh to Antone Huber. They also offered in evidence a tax deed, dated November 1, 1873, conveying to J. D. Brumbaugh, for the consideration of $5.45, a considerable number of town lots. An objection to the introduction of this deed was sustained. They also offered proof of the incorporation of the Palmetto Town Company by special act of the Territorial Legislature, and oral testimony, and records of the proceedings of the Palmetto Town Company, participated in by Marshall and others named in the deed executed by the probate judge, tending to show that the Palmetto town site was treated by the grantees in the probate judge's deed as the property of the Palmetto Town Company rather than of the individuals named as grantees. At the conclusion of the testimony, the plaintiff asked the court to instruct the jury to bring in a verdict in its favor for forty-two sixtieths of the lots in controversy. This was refused. The court of its own motion gave the jury the following instructions, among others:

"4. If for more than twenty-five years the plaintiff's grantors represented the Palmetto Town Company as the owner of the property in controversy, or for that length of time permitted the Palmetto Town Company to appear as such, or as having complete authority over it, and afterwards made claim of ownership, and made deeds attempting to convey their interests in the premises to the plaintiff, the plaintiff will now be estopped to deny such ownership or authority of the Palmetto Town Company against persons who, relying on such representations or

silence, have purchased or acquired interests in the property.

"5. If the plaintiff's grantors, for more than twenty-eight years owners of the property in suit, neglected to pay taxes on the property, and made no claim to it, and suffered the corporation called the Palmetto Town Company to be held out to the world as the owner, and after said corporation had become defunct, so that it could not make deeds for real estate, suffered the belief to prevail in the community that a tax title was the only obtainable title to the property, and without objection, and without making known their claim to the property, suffered the defendant and his predecessors in interest to take possession of the property under tax deeds and make valuable and lasting improvements greatly enhancing the value thereof, under the honest belief on the part of the defendant and his grantors that their tax titles were all the title that was obtainable, and in ignorance of any claim on the part of the grantors of the plaintiff, the plaintiff's grantors would now be estopped from asserting title to the property ; and the plaintiff, their grantee, would be in no better position, but would also be estopped.    If you find from the evidence that the plaintiff is so estopped, you will return a verdict for the defendants.

"6. The act of Congress, under which the probate judge of Marshall County entered the Palmetto town site, made the probate judge a trustee for the occupants of said town site according to their respective interests.    Under this law, the occupants of the town site at the time it was entered were entitled to a deed, or deeds, from the probate judge, for their respective interests.    In making such deeds, the probate judge was to be governed by such rules and regulations as should be prescribed by the legislative authority of the state or territory in which said town site was situated, so far as such rules and regulations did not conflict with said act of Congress.    In 1858, the Territorial Legislature of Kansas passed an act which provided, in substance, that where the persons who selected or laid out a town site had been incorporated as a town company, with power to purchase and hold

the land on which said town site was situated, it should be the duty of the probate judge to convey the land thus entered to such incorporated company. Under the provisions of these two acts, if it is shown by the evidence that the persons who selected and laid out the town site of Palmetto were incorporated as the Palmetto Town Company, with power to purchase and hold the land on which said town site was situated, and if the Palmetto Town Company, so incorporated, was the sole occupant of said town site, then it was the duty of the probate judge to deed said town site to said company. And any deed made by him to any other person or persons would be void, and would convey no title to the individuals named therein. And this would be true, although some or all of the individuals named in said deed were actually occupying some part of said town site, if their occupancy was merely as members of the Palmetto Town Company, and for the purpose of enabling said company to make good its occupancy of said town site and to acquire title thereto, under the laws already referred to.''

The jury brought in a general verdict in favor of the defendants, on which judgment was entered. On proceedings in error to the Court of Appeals this judgment was affirmed, Mahan, P..J., dissenting. The title to real estate being involved, the case is brought to this court for review.

*W. S. Glass*, for plaintiff in error.

*E. Hutchinson*, for defendants in error.

ALLEN, J.  The town site of Palmetto was entered by the probate judge, in accordance with the act of Congress, for the benefit of the occupants thereof, as a town site.  He conveyed the land to twelve persons, by name, as members of the Palmetto Town Company. Some of these persons, and the heirs of others, have conveyed to the plaintiff, which now claims the lots in controversy, which are included in the town site.  The

defendants do not stand on the strength of their title, which is founded on a void tax deed and a possession insufficient to establish title by adverse possession, but they attack the plaintiff's title, and contend that the deed from the probate judge to the plaintiff's grantors was void, mainly because the statutes of Kansas required the conveyance to be made to the Palmetto Town Company. They also contend that the plaintiff is estopped by the conduct of its grantors, and by their laches to assert title to any of this property. On the first proposition, it is urged that whatever occupancy of the town site was held by individual members of the Palmetto Town Company was for the benefit of the corporation, and not of themselves as individuals; and that the corporation alone was authorized under the law to receive the deed, and that it alone was entitled to the land conveyed.

There is much evidence in the record tending to show that the town site was treated as the property of the Palmetto Town Company. Meetings were held by the directors at which directions were given in reference to the drawing of lots by the members of the company, the sale and conveyance, by the president, of others for their benefit, the collection and disbursement of moneys belonging to the company, and other matters strongly tending to show that the grantees of the probate judge treated the town site as corporate property. Give to this testimony all the force the defendants claim for it, it yet can amount to only this. The title to the town site passed from the United States to the probate judge, in trust for the occupants thereof. The probate judge conveyed it directly to the beneficiaries, who treated it as common property belonging to their corporation

SECOND. Uncertainty as to which town-site deed passes title, of no consequence.

instead of individual property held by them as tenants in common. If the probate judge had deeded to the Palmetto Town Company instead of the individuals, the Town Company would then have held the legal title, but it would have held it in trust for the occupants, who, so far as this record discloses, were the very persons named in the probate judge's deed. It would then have been the duty of the corporation to convey and dispose of the land for the benefit of the members of the company. The corporation would have been a mere trustee holding the legal title for its members, the *cestuis que trust*, who would have held the full equitable title. The state of the case, if the conveyance had been as the defendant's counsel claims it should have been, would not have differed in substance from that presented by the case actually before us. The substantial interest, in either case, was vested in Marshall and others, to whom the probate judge made the conveyance. It may well be that, as against them, all conveyances made by the officers of the town company are valid, and that they would be estopped by their conduct from asserting any claim against persons holding under such conveyances; but, as against parties having no rights whatever in the property, they are to be treated as the full legal and equitable owners. This is in accordance with the conclusions reached in the case of *Investment Co. v. Munson* (44 Kan. 491), in which case these same matters were under consideration. The defendants in this case do not claim any privity with the Palmetto Town Company. They have derived no right or title from that company, or from any other person to whom title passed by the deed executed by the probate judge. Their title starts from a deed executed by William C. McCurdy, as administrator of Jerome

D. Brumbaugh, to John C. Nelson, on the nineteenth of September, 1878. This deed recites a consideration of six dollars, and purports to convey lots 3 and 7 in block 23. Lot 3 is not in controversy in this action. This deed conveyed no title, because the grantor had none to convey. The defendants offered in evidence a tax deed to Brumbaugh, but the court excluded it. It was clearly void on its face, and is conceded to have been so.

The fourth instruction given by the court would have been applicable and sound in a case where the defendants claimed title through the Palmetto Town Company, but it was utterly inapplicable to this case, and seriously misleading. The fifth instruction does not correctly state the law, and would be erroneous in any case. It is especially erroneous, however, as applied to the facts presented to the jury in this case. The court seems to have forgotten that it had excluded the tax deed under which the defendant claims, and that no tax title was in evidence before the jury.

*THIRD. Adverse possession under void tax deed passes no title, unless.*

It is extremely doubtful whether, under our statutes, a case could possibly arise where the holder of the patent title would be estopped by mere silence or non-action to assert his title as against a purchaser under a tax deed. Our statutes provide a very brief limitation for the protection of parties claiming under tax deeds. In case a deed is issued which is void on its face, there are various ways through which the purchaser can protect himself. The Occupying-Claimant Law, and the provisions with reference to the recovery of taxes actually paid by the tax-title holder, are liberal, and in most cases very effectually protect the purchaser against loss. A tax-title holder is always notified when he makes his purchase that his

*FOURTH, FIFTH. Tax-deed claimant must know of patent title. —Owner not estopped, when.*

title comes, not in privity with that of the holder of the government title, but adversely to it. He may not be informed with reference to the particular person who holds that title, but that some one holds it he always knows, else there could be no tax title. Until title passes from the government, the State has no right to impose taxes on the land. They are levied as a charge against private property. He who would build up an independent title with tax proceedings only for its foundation must look to the legality of the proceedings of the officers. If he obtains a deed valid on its face, five years' possession under it cuts off all attacks based on defects in prior proceedings. Fifteen years' undisputed possession, where the opposing party rests under no disability to sue, may give a perfect title even though the deed be void on its face. But it certainly is a novel application of the principle of estoppel to hold that it may arise in favor of a tax-title holder through controversies between those holding or claiming the patent title, or from their acts with each other based on misapprehensions of their legal rights. Conduct, to furnish a basis for estoppel, must be calculated to influence the action of the party relying on it.

The sixth instruction is faulty because it ignores the proposition that all entries of town sites are for the benefit of the occupants thereof, and asserts that a town site may be entered solely for the benefit of a corporation, and that the occupants may hold merely for the benefit of the corporation, without having *bona fide* individual claims. This is not in accordance with a sound interpretation of the law governing the entry of town sites. They are not entered, primarily, for speculative corporations, but for actual settlers engaged in building a town. The seventh instruction is subject to the same criticism. —

We think the record contains abundant evidence tending to show that the deed from the probate judge to Marshall and others was delivered and accepted.

FIRST. Deed conveyed valid title. It was placed on record, and the grantees assumed the right to plat, distribute, and dispose of the town lots. In fact our attention is not called to any evidence indicating that the deed was not delivered and accepted. The instructions of the court on these matters, while abstractly correct, do not seem to have any basis of fact to rest on.

We appreciate the force of the suggestion, in the brief for the defendants in error, that the plaintiff corporation appears somewhat in the attitude of a speculator in stale titles, and, as such, is not entitled to any special favor from the court. The law, however, seems to allow the purchase of whatever title a vendor may have. The owner never loses his title by mere lapse of time alone if the property is unoccupied. We are well aware that the law relating to title to land falls far short of effecting an equal, or seemingly equitable, distribution of the face of the earth among the people. Arbitrary rules, often exceedingly harsh in their application, fix the rights of parties. Courts are not at liberty to take from one and give to another whom they deem more worthy, unless the established rules of law sustain his right. In the eye of the law, the need of one weighs nothing as against the strict right of another, who may have absolutely no apparent use for the property in controversy. It is better that we should adhere to and enforce the law as we find it than be guilty of any disregard of its principles for the purpose of attaining what, to us as individuals, may appear better justice. The plaintiff appears to have the legal right to an interest, the exact extent of which we shall not attempt to determine, in the land in controversy. The defendants appear to have but a

possessory title with valid claims for taxes and improvements. The verdict was the result of erroneous instructions as to the law. The judgment based on it must be reversed, and the cause remanded for a new trial.