(August 14, 1913.)

ARTHUR HODGES, as Mayor of Boise City, Appellant, v. HERBERT LEMP, Executor, Respondent.

[135 Pac. 250.]

GOVERNMENT TOWNSITE—MAYOR AS TRUSTEE—POWER OF MAYOR TO CONVEY TITLE—TITLE TO UNCLAIMED TRACTS OF TOWNSITE ENTRY— CAPACITY OF MAYOR TO SUE—STATUTE OF LIMITATIONS—LACHES AND ESTOPPEL.

1. Under the provisions of sec. 2387 of the Rev. Statutes of the United States, and the Special and Local Laws of the Territory of Idaho of January 6, 1871 (Special and Local Laws of Idaho, p. 35), the mayor of Boise City took title to the townsite of Boise City by patent from the United States in trust for the benefit of the occupants of lots, as shown and described on the recorded plat of the townsite, for the individual use of such occupants, and also

for any remaining or unclaimed lot, piece or parcel of such townsite, for the occupants and inhabitants of the community of Boise City collectively in their corporate capacity, and the title to such property vested in the mayor as trustee for the benefit of such occupants severally.

2. The title to lots or tracts to which no valid claims were made by individuals in conformity with the statute was taken in trust by the mayor as trustee for the occupants of the townsite in their collective capacity as a municipal corporation.

3. It was the purpose of the government townsite act to pass title, through the medium of a trustee, to *bona fide* occupants and claimants of lots for use and occupancy and not for speculative purposes. On the other hand, it was intended that if any surplus land should be left after *bona fide* occupants had received title to their lots, or if any profit might be had on account of unclaimed lots or tracts, it should inure to the benefit of the city or the inhabitants thereof in their collective capacity as a community or municipality.

4. Complaint examined in this case, and *held,* that it does not show on its face that the cause of action is barred by the statute of limitations, nor does it show such facts as would in equity require or justify the application of the doctrine of laches or estoppel.

5. *Held,* further, that the complaint in this case states a cause of action.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Action for the cancelation of certain deeds and decree adjudging the plaintiff to hold the title to certain property in trust for the benefit of the inhabitants of Boise City. Judgment for the defendant. Plaintiff appealed. *Reversed.*

Charles F. Reddoch and J. B. Eldridge, for Appellant.

It is alleged in the complaint that the tract conveyed by the Pinney deed was never platted into lots and blocks, and we invite the court's attention to the act of 1871 (Special and Local Laws of Idaho, p. 30), for any authority to convey any portion of the townsite of said city, except that which was platted into lots and blocks, according to the plat of said city, then on file in the office of the county recorder. (*State v. Webster,* 28 Mont. 104, 72 Pac. 295.)

It is also alleged that this land was vacant, unclaimed and unoccupied, and remained so until 1886, when for the first time Mr. Lemp made some claim to the same, and under such circumstances he could not acquire any rights by virtue of being an occupant, as such rights were fixed by being such occupant at the time of the entry. (*City of Globe v. Slack,* 11 Ariz. 408, 95 Pac. 126; *Lockwitz v. Larson,* 16 Utah, 275, 52 Pac. 279; *Singer Mfg. Co. v. Tillman,* 3 Ariz. 122, 21 Pac. 818; *City of Helena v. Albertose,* 8 Mont. 499, 20 Pac. 817; *Roberts v. Ward,* 3 Cal. App. 101, 84 Pac. 430; *Cook v. Rice,* 2 Colo. 131; *Adams v. Blinkley,* 4 Colo. 247; *Pueblo v. Budd,* 19 Colo. 579, 36 Pac. 599; *Rathbone v. Sterling,* 25 Kan. 444; *Leech v. Rauch,* 3 Minn. (332) 448; *Castner v. Gunther,* 6 Minn. (63) 119.)

The trust provided by U. S. Rev. Stats., sec. 2387 (U. S. Comp. Stats. 1901, p. 1457, 6 Fed. Stats. Ann. 344), is dual or twofold in character. It exists for the benefit of the occupants as individuals, and also collectively, as a community. (*Scully v. Squier,* 13 Ida. 417, 90 Pac. 573; *Newhouse v. Simino,* 3 Wash. 648, 29 Pac. 263; *Aspen v. Rucker,* 10 Colo. 184, 15 Pac. 791.)

The title of the unoccupied lands of a townsite is vested in the trustees for the benefit of the community collectively, and can only be disposed of in the manner provided by the legislature. (*Amador County v. Gilbert,* 133 Cal. 51, 65 Pac. 130.)

Where no provision has been made by the legislature for the disposition of unoccupied lands, the trustee is without authority to sell. (*Martin v. Hoff,* 7 Ariz. 247, 64 Pac. 445; *Denver v. Kent,* 1 Colo. 336.)

It is alleged in the complaint and admitted by the demurrer that the property conveyed by the Pinney deed has been held for sale and speculation at all times since said deed was issued, and the same is void for this reason. (*Pascoe v. Green,* 18 Colo. 326, 32 Pac. 824; *Clark v. Titus,* 2 Ariz. 147, 11 Pac. 312; *Mayorsville Inv. Co. v. Holle,* 58 Kan. 773, 51 Pac. 281.)

"A demurrer on the ground of want of legal capacity to sue must relate to some legal disability on the part of the plaintiff to prosecute and maintain said action." (*Pratt v. Northern Pac. Express Co.*, 13 Ida. 373, 121 Am. St. 268, 90 Pac. 341, 10 L. R. A., N. S., 499.)

The people of Boise City in their collective capacity are the *cestui que trust* on whose behalf appellant prosecutes this action, and by virtue of his position as mayor, if our position is correct that this deed is void, he is the only party who can maintain said action. (*Hartman v. Smith*, 6 Mont. 295, 12 Pac. 655; sec. 4092, Rev. Codes.) The mayor as trustee is the proper party to bring this action by virtue of his office, he having succeeded to the trust. (*First National Bank v. National Broadway Bank & Tuttle, Trustee*, 156 N. Y. 459, 51 N. E. 398, 42 L. R. A. 139; *Clemens v. Heckscher*, 185 Pa. 476, 40 Atl. 80; *Safe Deposit Co. v. Cahn*, 102 Md. 530, 62 Atl. 819; *Ludington v. Mercantile Nat. Bank*, 102 App. Div. 251, 92 N. Y. Supp. 454.) The grant by Congress was conditional upon the property being used for the purpose contemplated and specified in the grant, to wit, townsite purposes, and this is why Congress, in sec. 2391, U. S. Rev. Stats. (U. S. Comp. Stats. 1901, p. 1459, 6 Fed. Stats. Ann. 351), said that any act of the trustees in violation of the regulations prescribed by the legislature should be void. (*Oregon etc. R. Co. v. Quigley*, 10 Ida. 770, 80 Pac. 401.)

Edgar Wilson and A. A. Fraser, for Respondent.

The complaint, upon its face, shows that the plaintiff or any other person claiming as trustee or as the *cestui que trust* has been guilty of laches such as will prevent any recovery in the court of equity.

There are no facts or circumstances alleged from which the court may determine whether or not the plaintiff and all his predecessors in office could not have obtained knowledge of all the facts and circumstances in regard to this transaction long prior to September, 1912, or whether or not the plaintiff and his predecessors in office were not negligent in dis-

covering the facts, whether other circumstances should not have put the plaintiff and his predecessors in office upon discovery of the facts; there are no allegations that there was any concealment practiced upon the plaintiff or his predecessors in office by the defendant or John Lemp, which prevented them in any manner from finding out the facts. (*Felix v. Patrick,* 145 U. S. 317, 12 Sup. Ct. 862, 36 L. ed. 719; *Wood v. Carpenter,* 101 U. S. 135, 25 L. ed. 807; *Hardt v. Heidweyer,* 152 U. S. 547, 14 Sup. Ct. 671, 38 L. ed. 548; *Bangs v. Loveridge,* 60 Fed. 963; *Kessler v. Ensley Land Co.,* 123 Fed. 546; *Bliss v. Pritchard,* 67 Mo. 181; *Lant v. Manley,* 71 Fed. 7; *Robertson v. Burrell,* 110 Cal. 568, 42 Pac. 1086; *Ater v. Smith,* 245 Ill. 57, 91 N. E. 776, 19 Ann. Cas. 105, and note; *Boise City v. Wilkinson,* 16 Ida. 150, 102 Pac. 148; *Hesse v. Strode,* 10 Ida. 250, 77 Pac. 634; *People v. Alturas County,* 6 Ida. 418, 55 Pac. 1067, 44 L. R. A. 122; 5 Pomeroy's Eq. Jur., sec. 27.)

The plaintiff's cause of action is barred by the statute of limitations. (Sec. 4036, Rev. Codes; *Murphy v. Crowley,* 140 Cal. 141, 73 Pac. 820; *Bradley Bros. v. Bradley,* 20 Cal. App. 1, 127 Pac. 1044; *Hecht v. Slaney,* 72 Cal. 363, 14 Pac. 88.)

If this action be barred as against the trustee, it is also barred against the beneficiaries. (*Patchett v. Pacific Coast R.,* 100 Cal. 505, 35 Pac. 73.)

The fact that the legal title to this property was held in trust is no defense as against the bar of the statute of limitations. (*Orack v. Powelson,* 3 Cal. App. 282, 85 Pac. 129; *Ames v. City of San Diego,* 101 Cal. 390, 35 Pac. 1005.)

The plaintiff and his predecessors in office as mayor of Boise City never did have the equitable title. He cannot recover upon the ground that he has the legal title (which has long prior hereto been conveyed by said trustee); and even if he should contend that he has the equitable title, this is not sufficient to maintain the action. (*Shanahan v. Crampton,* 92 Cal. 9, 28 Pac. 50; *Harrigan v. Mowry,* 84 Cal. 456, 22 Pac. 658, 24 Pac. 48; *Quairoli v. Italian Beneficial Society of Vineland,* 64 N. J. Eq. 205, 53 Atl. 622.)

After the trustee under the townsite act has executed a deed to the townsite property, whether the same be rightfully or wrongfully issued, the trust being terminated, the only person who can question the transfer is the beneficiary or the *cestui que trust*. (*Cowell v. Colorado Springs Co.*, 100 U. S. 55, 25 L. ed. 547; *Murray v. Hobson*, 10 Colo. 66, 13 Pac. 921; *City of Pueblo v. Budd*, 19 Colo. 579, 36 Pac. 599; *Robinson v. Stone*, 118 Ala. 273, 72 Am. St. 160, 24 So. 984, 45 L. R. A. 66.)

Boise City, as a municipal corporation, has no title to the lots in the townsite, and any act of the legislature of this state or of the trustee attempting to convey to Boise City the title to said lots, occupied, or unoccupied, would be void. (*Town of Aspen v. Rucker*, 10 Colo. 184, 15 Pac. 791; *Mc-Creery v. Sawyer*, 52 Cal. 257; *Georgetown v. Glaze*, 3 Colo. 230.)

As long as the title has not been conveyed and remains in the trustee he may maintain an action to protect his own title or possession to the property, but he cannot institute a proceeding for the purpose of determining who the beneficiaries are under the trust. (*Newhouse v. Simino*, 3 Wash. 648, 29 Pac. 263.)

The grounds of demurrer that the plaintiff did not have legal capacity to sue, a disability as infancy, coverture or idiocy, as contended for in the plaintiff's brief, means that plaintiff having no interest whatsoever in the controversy, the complaint does not state a cause of action. (*Pratt v. Northern Pac. Ry. Co.*, 13 Ida. 373, 121 Am. St. 268, 90 Pac. 341, 10 L. R. A., N. S., 499.)

The deed may be void, and yet it is the color of title for a great many purposes, one of which is that it is sufficient title upon which to found a title by adverse possession or by laches, but deeds of the character mentioned herein are not void in a strict sense of the term. (*Ming v. Foote*, 9 Mont. 201, 23 Pac. 515, 7 L. R. A. 471.)

AILSHIE, C. J.—This action was instituted by the mayor of Boise City for the purpose of securing a decree canceling

and setting aside two deeds issued by his predecessor in office to John Lemp, now deceased, conveying to Lemp certain portions and parcels of the townsite of Boise City.

The complaint alleges that the appellant is the duly elected, qualified and acting mayor of Boise City, and as such is the successor in interest as trustee to all the rights conferred under and by virtue of the laws of the United States and the territory and state of Idaho relative to the entry and disposition of government townsites for the use and benefit of the several occupants and inhabitants thereof. The following is the substance of the material allegations of the complaint: That John Lemp departed this life on the 18th of July, 1912, and that Herbert Lemp is the executor of his estate; that Edward Lemp, one of the devisees under the will of John Lemp, deceased, departed this life on the 15th of September, 1912, and that Herbert Lemp is the executor of his estate; that Henry E. Prickett, as mayor of Boise City, on November 23, 1867, filed a plat of Boise City in the office of the recorder of Ada county, Idaho, and which plat ever since has been and now is of record in the office of the county recorder of Ada county; that Henry E. Prickett, as mayor of Boise City, filed upon the townsite of Boise City on the 13th day of January, 1868, in accordance with the statutes of the United States and the rules and regulations of the Interior Department; that thereafter and on the 2d day of May, 1870, a patent issued from the United States to Henry E. Prickett, as mayor, in trust for the benefit of the occupants and inhabitants of Boise City, which patent is of record in the office of the county recorder of Ada county; that the patent as issued to Prickett, mayor, granted and conveyed 442 acres, whereas the plat of the original townsite of Boise City, as filed and recorded by Prickett, covered an area of only 410 acres, and that there was granted by said patent the sum of 32 acres in excess of the amount covered by the recorded plat of the townsite of Boise City and that the excess area of 32 acres was not platted; that James A. Pinney, as mayor and trustee and as the successor in office of Henry E. Prickett, did on the 5th day of June, 1891, in

consideration of the sum of one dollar, make, execute and deliver to John Lemp his deed for a tract and portion of the lands covered by the patent from the government to Prickett, as trustee, and by which deed it was attempted to convey by Pinney as mayor to Lemp an area of 4.55 acres, and that this tract and parcel of land was a portion of the 32 acres excess and immediately adjoined the townsite of Boise City as shown by the recorded plat filed by Henry E. Prickett, and that this deed was duly and regularly recorded in the office of the recorder of Ada county; that this 4.55 acre tract so granted by Pinney to Lemp had never at any time prior thereto been platted into lots or blocks as required by law; that the land so conveyed was vacant, unoccupied and unclaimed land at the time of the entry thereof by Prickett as mayor and at the time of the issuance of patent from the United States therefor; that in January and February, 1871, Prickett caused notice to be published as required by law, requiring all claimants and occupants of land to make application therefor, and that Lemp did not make any application therefor or receive deed under such notice or any deed from Prickett at all; that in the year 1910, Lemp platted this tract of 4.55 acres and placed the same upon the market. It is then alleged that Pinney held the title to this land in trust for the use and benefit of the citizens collectively of Boise City, and that Lemp "squatted" upon this tract of land, knowing that he had no right thereon and knowing that the same was the property of the inhabitants of Boise City. That the plaintiff qualified as mayor of Boise City on the 25th day of May, 1912, and that he did not discover the facts upon which this action is predicated until about the 15th day of September, 1912.

Plaintiff alleges a second cause of action in which he sets out the same facts as heretofore recited with reference to the entry of Boise City and acquiring title thereto, and then alleges that on the 25th of June, 1897, Walter E. Pierce, as mayor of Boise City, made application to the United States land office for an additional townsite entry under the laws of the United States, which application was duly allowed, and thereafter and on the 23d day of May, 1898, a patent issued

to Walter E. Pierce, as mayor, in trust, as provided by the laws of the United States, for lot 10, sec. 3, township 3 north, range 2 east, Boise meridian, containing 1.13 acres adjoining the townsite of Boise City; that thereafter and on February 26, 1908, John M. Haines, as mayor and trustee and as successor in office to Walter E. Pierce, in consideration of the sum of five dollars, made, executed, and delivered to John Lemp, his deed for this tract of land, being 1.13 acres; that on the 26th day of June, 1897, W. E. Pierce, as mayor and trustee, caused public notice to be given, as required by law, of his entry of this tract of land as an additional townsite entry, and that Lemp did not, within sixty days after the first publication and posting of this notice, make his application for a deed as required by law, and that this tract of land was never prior to conveyance thereof from the government to Pierce, as mayor, surveyed and platted into lots and blocks, as contemplated and required by the statutes of the state of Idaho; that Lemp did not pay all or any of the expenses of making this additional townsite entry or publication and posting of notices, as required by law; that this tract of land was thereafter and in the year 1910 by Lemp platted and placed upon the market for sale and speculation; that at the time of the issuance of deed by Haines, as mayor, to Lemp, the title thereto was vested in Haines, as mayor, and in trust for the benefit of the people of Boise City in their collective capacity.

To this complaint the defendant demurred on various grounds, among which is that the complaint does not state facts sufficient to constitute a cause of action and that plaintiff has no legal capacity to sue, and that the complaint shows upon its face that the cause of action attempted to be stated was barred by the provisions of secs. 4036, 4037, 4039 and 4040, Rev. Codes.

It is first contended that the mayor cannot maintain this action. We do not think this contention is well taken. The townsite of Boise City was entered under the provisions of sec. 2387 of the Rev. Statutes of the United States (U. S. Comp. Stats. 1901, p. 1457, 6 Fed. Stats. Ann. 344), which section is as follows:

"Whenever any portion of the public lands have been or may be settled upon and occupied as a townsite, not subject to entry under the agricultural pre-emption laws, it is lawful, in case such town be incorporated, for the corporate authorities thereof, and, if not incorporated, for the judge of the county court for the county in which such town is situated, to enter at the proper land office, and at the minimum price, the land so settled and occupied in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of the lots in such town, and the proceeds of the sales thereof, to be conducted under such regulations as may be prescribed by the legislative authority of the state or territory in which the same may be situated."

Sec. 2391 of the Rev. Statutes of the United States (U. S. Comp. Stats. 1901, p. 459, 6 Fed. Stats. Ann. 351), provides that "Any act of the trustees not made in conformity to the regulations alluded to in sec. 2387, shall be void." On January 6, 1871, the territorial legislature passed an act providing for the disposition of the townsite of Boise City pursuant to the provisions of sec. 2387, U. S. Rev. Statutes (U. S. Comp. Stats. 1901, p. 1457, 7 Fed. Stats. Ann. 344), and the several acts of Congress (Special and Local Laws of Idaho, p. 30). Sec. 1 of this act provided that the mayor should act as trustee and make deeds of conveyance to all parties entitled thereto according to their respective interests, and that within ten days after the passage of the act he should publish a notice in some newspaper published in Boise City, requiring all persons claiming lands therein to make their respective claims therefor to him at his office, and that at the same time he should make or cause to be made and filed in his office a plat of the townsite of Boise City, which plat should in all respects be a true and correct copy of the one on file in the office of the county recorder of Ada county, and which plat had been filed by Henry E. Prickett, mayor, who entered the townsite in the United States land office. Sec. 2 of the act of January 6, 1871, provides as follows:

"The occupants of said townsite may at any time within sixty days after the filing of such plat and the publication of the notice aforesaid, make their respective applications for title to such portion of said townsite as is claimed by them, which application shall be in writing, and shall set forth that such claimant is an occupant of said townsite, and of the lot or lots, block or portion claimed by him or her, and shall specify in what such occupancy consists, which shall be either actual residence thereon, inclosure, or some permanent improvement on some portion of the lot or block claimed, and shall particularly designate and describe such lots, blocks and improvements, and said applications shall in all cases be verified by the oath of the applicant, or by some person on his or her behalf, in the manner prescribed for the verification of pleadings in civil actions in courts of justice in this territory; provided, that no claim shall be received which shall not conform to the requirements of this act. . . . . "

Section 3 of that act provides that at the expiration of sixty days from the giving of such notice, the mayor should, upon the payment of the price provided in section 5, where no adverse claims had been filed, execute deeds to all parties, making and filing their applications within the sixty-day period, and section 8 provided that all lots remaining unclaimed for a period of three months after the first publication of the notice, as required by section 1, should be sold at public auction to the highest bidder for cash, after giving at least three weeks' notice in the manner prescribed for the notice of sale of real estate by the sheriff on execution, the proceeds of such sale *to be paid into the treasury of Boise City.*

Lemp did not avail himself of any of the provisions of this statute, and made no claim thereunder for any of the land here in controversy. Thereafter, the territorial legislature of 1875 passed an act supplemental to the act of 1871, whereby the mayor was authorized to cause published notice to be given to all parties who had made applications for deeds and who had failed to make payment therefor, to make their payment, together with ten per cent penalty, and receive their deeds. This act provided that upon failure to do so, the mayor should

sell all such property to the highest bidder for cash *and turn the proceeds into the city treasury.* (Special and Local Laws of Idaho, p. 33.) Lemp again failed to avail himself of the provisions of this statute, and to claim a deed to the property here in question. *This property was not then deeded to anyone. Neither was it sold at public auction.*

The mayor was by law made the trustee for the city and its inhabitants, and we are satisfied that if any action can be maintained, it must be maintained by the mayor as trustee for the community in its collective capacity; or, in other words, for Boise City.

This court, in considering a like trust in *Scully v. Squier,* 13 Ida. 417, 90 Pac. 573, and in discussing the duty of the mayor as trustee under the government townsite law (sec. 2387, U. S. Rev. Stats.; U. S. Comp. Stats., p. 1457, 6 Fed. Stats. Ann. 343), and the statute of this state as applied to the townsite of the city of Lewiston, said:

"The trust provided for by this section is dual in its nature. It exists for the benefit of the occupants as individuals, and also collectively as a community. The title to occupants of lots vested in the mayor-trustee for their benefit severally when the entry was made. The title to lots to which no valid claims are held by individuals is taken in trust by the trustee for the occupants of the townsite collectively." (To the same effect, see *Newhouse v. Simino,* 3 Wash. 648, 29 Pac. 263.)

Applying this rule to the case at bar, the mayor of Boise City took title in trust for all the individual occupants of the townsite who made claims to the respective lots or tracts occupied by them, and it became his duty under the statutes of the United States and the statutes of this state (then territory) to convey the title held by him to the respective occupants and claimants who, in compliance with the statute, showed themselves entitled thereto. On the other hand, he held such tracts or parcels of this townsite as were not claimed by individual occupants in trust for the community in its collective capacity. The fact that no one made claim to any given tract of ground in accordance with the provisions and requirements of the statute did not authorize or license any

person to summarily take the property, nor would a claim asserted in any other manner than that provided by law entitle such claimant to the property or confer title on him, nor would it authorize the mayor-trustee to convey the property to such person. It was the purpose of the townsite law to pass title to *bona fide* occupants and claimants of lots for use and occupancy and not for speculative purposes. (*Martin v. Hoff*, 7 Ariz. 247, 64 Pac. 445; *Pascoe v. Green*, 18 Colo. 326, 32 Pac. 824; *Clark v. Titus*, 2 Ariz. 147, 11 Pac. 312; *Denver v. Kent*, 1 Colo. 336; *Marysville Inv. Co. v. Holle*, 58 Kan. 773, 51 Pac. 281.) On the other hand, it was intended that if any surplus land should be left or if any speculation might be had, it should inure to the benefit of the city.

It has been suggested that the city could not hold the title to the property and that the mayor as trustee could not convey the property to the city. We are not directly confronted with that question in the present case, but, in passing, we may observe that the statute directs that the *proceeds* realized from the sale of any *unclaimed or unoccupied* tracts of this townsite should be turned in to the treasury of Boise City. If, then, the proceeds realized from the sale of any unoccupied or unclaimed tract would go into the general treasury of the city *and become the property of the city,* we can see no reason why the tracts or parcels of land for which such sale might be made might not likewise belong to the city and become the property of the city. There can be no special virtue in a sale that will convert the title of the proceeds to the city if the property sold was in fact not the property of the city.

This would bring us back to the original proposition that any unsold or unclaimed lots or parcels of land in this townsite belong to the city,—to the inhabitants of the city in their collective capacity,—and so would the proceeds realized from the sale of any of this property become the property of the city, and, in conformity with the statute, must be turned into the city treasury.

The demurrer should not have been sustained. The complaint on its face does not show that the cause of action is barred, nor does it show such facts as in equity would invoke

the doctrine of estoppel. The complaint states a cause of action. The demurrer should have been overruled and the defendant should have been required to answer. The judgment will be reversed and the cause is hereby remanded, with direction to overrule the demurrer and permit the defendant to answer. Costs awarded in favor of appellant.

Stewart, J., concurs.

SULLIVAN, J., Dissenting.—I am unable to concur in the conclusion reached by my associates. I do not think that the mayor, under the facts alleged in the complaint, can maintain this action. The mayor parted with the title to the greater portion of the land in controversy more than twenty years before this suit was brought. During all that period of time the predecessors in interest of this plaintiff, as trustees, and the *cestui que trusts*, if any, have never taken any steps whatever to claim any right, title or interest in and to any of the real estate set forth in the first cause of action. Under the second cause of action, a period of fourteen years had expired since the patent to the land described in said second cause of action was issued by the United States to the mayor of Boise City, and more than four years has elapsed since the same was conveyed by the mayor of Boise City to John Lemp, deceased, and during that period of time no action or proceeding of any kind, so far as the complaint shows, has been commenced by the plaintiff or his predecessors in office, as mayors, or by any other person claiming any right, title or interest in or to the premises described in the second cause of action. Under that state of facts, I think it sufficiently appears that the plaintiff as well as the *cestui que trusts*, or beneficiaries, have been guilty of such laches as will prevent recovery in a court of equity.

The complaint alleges that the plaintiff did not discover the facts constituting the fraud in conveying said lands until September, 1912, and also alleges, upon information and belief, that his predecessors in office, since the time of the execution of the deeds in question, had no knowledge of the facts

constituting the fraud alleged. Those allegations no doubt were placed in the complaint for the purpose of avoiding the defense of the statute of limitations and of laches, but they are not sufficient for that purpose. There are no facts or circumstances alleged from which the court may determine whether or not the plaintiff mayor and all of his predecessors in office could not have obtained knowledge of all the facts and circumstances in regard to this transaction long prior to September, 1912. Sufficient facts are not alleged showing that the plaintiff or his predecessors in office were not negligent in not discovering the fact of the fraudulent conveyance of such lands, if such lands were fraudulently conveyed. There are no allegations that there was any concealment practiced upon the part of plaintiff or his predecessors in office or by the defendant, John Lemp. The complaint is defective in failing to show how the fraud came to be discovered and why it was not discovered before, and in such a case where excuses for laches are plead, the pleader should set forth in his complaint specifically what were the impediments to the earlier prosecution of his claim; how he came to be so long ignorant of his rights and the means used by the respondent to fraudulently keep him in ignorance. (See *Felix v. Patrick,* 145 U. S. 317, 12 Sup. Ct. 862, 36 L. ed. 719.)

It is stated in *Wood v. Carpenter,* 101 U. S. 135, 25 L. ed. 807, that a general allegation of ignorance at one time and of knowledge at another are of no effect. If the plaintiff made any particular discovery, it should be stated when it was, how it was made, and why it was not made sooner. If Lemp's mayor's deed was not placed upon record, and Lemp was not in possession of the property to which he was claiming title, and there was nothing to indicate such claim, these facts should have been alleged. It is a well-settled principle of law that possession of the means of knowledge is the same as knowledge itself. (*New Albany v. Burke,* 11 Wall. 96, 20 L. ed. 155.)

No doubt the deeds referred to were evidenced by public records accessible to all, and it is a well-settled rule that the party who seeks to avoid the effect of such record notice must

show something more than concealment by mere silence. Some affirmative act of deception must be shown. (*Lant v. Manley,* 71 Fed. 7.) The complaint does not allege nor show why it was that the facts in regard to this transaction were not discovered before. It is evident from the allegations of the complaint that plaintiff's predecessors in office all knew of the facts concerning the conveyance of said land to Lemp. It is easily understood why the plaintiff mayor did not know of any of the facts until in 1912, as he had been a resident of said city but a short time and had no interest in the title to said property as to whether it was the property of Lemp or of Boise City until after his election as mayor. For more than twenty-one years Lemp held title to the greater portion of said real estate, and under the ruling of my associates, had he held possession of it for one hundred years, some mayor who was not born at the time of the conveyance to Lemp and who knew nothing about the facts until he was elected mayor could maintain an action to recover the title to said property. The rule governing this question is well stated in sec. 27, 5 Pomeroy's Equity Jurisprudence, as follows: "Knowledge of facts which would put a person of ordinary prudence and diligence on inquiry is, in the eyes of the law, equivalent to a knowledge of all the facts which a reasonably diligent inquiry would disclose." The plaintiff's cause of action was barred by the statute of limitations, sec. 4036, Rev. Codes. (*Murphy v. Crowley,* 140 Cal. 141, 73 Pac. 820.)

Under the allegations of the complaint, it appears that the predecessors in office and as trustees, Pinney and Haines, had knowledge of all the facts constituting any fraud in this case. This would start the statute of limitations in operation so far as the recovery upon the ground of fraud is concerned. But this being a case for the recovery of real property and the quieting of title thereto, and the fraud alleged being a mere incident, the action is barred by the five-year limitation above stated. And if it is barred as to the trustee, as it certainly is, and if the present plaintiff is a trustee having a right to bring this action, then every other person who is elected mayor of Boise City subsequent to these conveyances also had the

right to bring this action.   They were not laboring under any disability whatever, and if this action is barred as against the trustee, it is also barred against the beneficiaries.   (*Patchett v. Pacific Coast Ry. Co.*, 100 Cal. 505, 35 Pac. 73.)   It is stated in that case that the general rule is that when a trust is barred by the statute of limitations, the *cestui que trust* is likewise barred, even though an infant.   The fact that the legal title to this property was held in trust is no defense to the bar of the statute of limitations.          •

The plaintiff in this action has no standing in a court of equity to maintain this action, for under the United States Statutes, the townsite act, the only title vested in the mayor is the naked legal title; the equitable title is in the beneficiary. After the trustee under the townsite act has executed a deed of the property, whether the same be rightfully or wrongfully issued, the trust being terminated, the only person who can question the transfer is the beneficiary or *cestui que trust.* (*Cowell v. Colorado Springs Co.*, 100 U. S. 55, 25 L. ed. 547; *Murray v. Hobson*, 10 Colo. 66, 13 Pac. 921.)

Under the commission form of government, the mayor is mayor in name only.   He is, as a matter of fact, only one of five councilmen who control the city.   He is the head of one of the departments.   He cannot of his own initiative commence an action on behalf of Boise City any more than can any other one of the five members of the council.

And again, what is the object of the mayor in prosecuting this action?   If successful, what does he propose to do with this tract of land?   Under all of the authorities he cannot convey it to Boise City for a park or for any other purpose.   He must sell it.   Under the authority, the mayor as trustee acts in a judicial capacity in passing upon the question as to who is the beneficiary under the townsite act.   The two former mayors of Boise City have passed upon that question.   They have held that John Lemp was entitled to the property and conveyed it to him.   As long as the title remained in the trustee, he might maintain an action to protect his own title or possession of the property, but he is nowhere authorized to

institute proceedings to determine who the beneficiaries are under the trust.

It is alleged in the complaint that the greater portion of said land was conveyed to John Lemp by the mayor on the 5th day of June, 1891, and in order to hold the title to said land all these years, John Lemp has certainly paid all taxes levied by the city, county and state on said land. It is presumed that the taxing officers performed their duty in regard to it, and after paying city taxes on said land for twenty-one or twenty-two years, the city, or its mayor, is in equity and good conscience estopped from now claiming title thereto.

I think, under the allegations of the complaint and the law applicable thereto, the mayor is not the proper party and cannot maintain this action; that the action is barred by the statute of limitations, and that sufficient facts are not alleged, and the doctrine of laches and estoppel should apply. The complaint does not state a cause of action.

Petition for rehearing denied.