## JONES et al. v. McNABB et al.

No. 27813.  Oct. 25, 1938.

Shirk, Danner & Earnheart and George H. Shirk, for plaintiffs in error.

W. K. Garnett, C. W. Wainwright, and Chas. H. Garnett, for defendants in error.

HURST, J.  This is an action by plaintiffs to quiet title to a lot in Oklahoma City and for possession of the same. The defendants, as sole heirs of W. F. Jones, deceased, filed an answer and cross-petition, claiming title under a certificate tax deed in favor of W. F. Jones, dated October 21, 1918, duly recorded February 13, 1919, and a correctional tax deed dated February 6, 1936. Judgment was rendered for the plaintiffs, and the court also entered judgment requiring them to pay the total amount of taxes, interest, penalty, and costs, amounting to $88.56. Defendants appeal.

Plaintiffs contend that both deeds are void. The defendants admit that the deeds are "by reason of technical defects not sufficient". Their sole contention is that plaintiffs are estopped to question their title by reason of laches. The facts on which they base their claim of laches are that C. A. McNabb, former owner through whom plaintiffs claim as devisee and personal representative, paid no taxes on the property since 1911 and in effect abandoned the property; that W. F. Jones and defendants had kept the taxes paid; that the value of the lots increased from $250 to nearly $2,400 by reason of oil development in the vicinity a short time before this action was filed.

These facts are not sufficient to justify the application of the doctrine of laches. Phelan v. Roberts (1938) 182 Okla. 202, 77 P.2d 9. In Cooley's Taxation (4th Ed.) sec. 1509, it is said that "there is no laches merely because of a failure to pay taxes and because the land has enhanced in value." See, also, to the same effect Carmical v. Arkansas Lbr. Co. (Ark.) 152 S. W. 286; Voights v. Hart (Mo.) 226 S. W. 248. The defendants do not claim to have taken actual possession of the property or to have made improvements thereon. The rights of innocent third parties have not intervened. The case of Nohl v. Holloway (1936) 179 Okla. 512, 66 P.2d 497, is not, therefore. in point. The defendants do not contend that the statute of limitations is applicable.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur. WELCH and PHELPS, JJ., absent. CORN, J., dissents.